Per curiam.

There was no evidence of wilful or corrupt conduct on the part of the defendant. At most, it could only amount to error of judgment. The non-payment of money within the time limited by law, could only be imputed to negligence. There was no proof of extortion, or oppression. Some of the judges were of opinion the court which tried the woman of color, acted very properly for any thing that appeared ; and that such a court may take cognizance of charges of the sort alleged against Amey Lapier.
[Nott, J.
This is an indictment against a magistrate, for extortion and mal-practice in office, for trying, convicting, and fining a free woman of color, charged with having insulted and slandered a white person. Whether the defendant, as a magistrate, had jurisdiction over the case, or if he had, whether he ought to have imposed a fine, or inflicted corporal punishment, are questions not necessary to be decided in this case ; for whether he acted right or wrong, [unless he was governed by corrupt motives, he was not liable to be indicted. A judicial officer is not answerable, crimi-inally, for an error of judgment. There was no evidence to authorize a belief that the defendant, in this case, intended any oppression, or acted corruptly. The person accused before him had counsel, who made no objection to .the jurisdiction of the court: he had two respectable freeholders associated with him ; he had evidence that the magistrates in Charleston had long exercised jurisdiction over such cases; and the case relied on in 2 Bay, almost amounts to a decision of this court, that he had jurisdiction. The receipt which ho gave for the fine, in which he states, at large, the nature of the case, the conviction, the amount of the money received, and the purpose for which it was paid, afford addi *178 tional evidence of his innocence: a new trial, therefore, ought , to “e granted.]
Note. The A. A. 1740, sec. 10, gives authority to one J. P. and two freeholders, to try any slave for any offence, not capital, and inflict any corporal punishment not extending to life or member. Sec. 14 of same act, declares, that offences committed by free negroes, mulattoes, &c., shall be tried as slaves are directed to be tried. The trial was for insulting and abusive words; but the conviction was for assaulting. The conviction appears to have been irregular. The conviction was of the charge contained in the warrant, to arrest Amoy, though evidence was given against her of an assault, and also of barratrous acts.
New trial granted;